### NEHEMIAH A. LEONARD *vs.* DANIEL STRONG.

In an action by the assignee of an insolvent debtor to recover goods as having been sold in fraud of the insolvent law, it was admitted that at the time of the sale the debtor knew himself to be insolvent, and no question was made as to his intent to give a preference; but the defendant contended that he bought the goods of an intervening purchaser, and not directly from the debtor. The jury were instructed that if the defendant bought the goods of the debtor, knowing his insolvency, and to secure a preference over other creditors, the plaintiff was entitled to recover; and that if an intervening purchaser bought the goods with the same knowledge and purpose, the sale to him was void, and if the defendant bought of him with notice of the fraud he could not hold the property against the assignee. The jury found that the defendant bought the goods directly of the debtor. *Held,* that the defendant had no ground of exception.

ACTION OF TORT by the assignee in insolvency of Charles F. Smith, to recover the value of a stock of goods sold to the defendant on the 20th of January 1857.

At the trial in the court of common pleas in Hampden, it appeared that Smith in July 1854 bought of the defendant a stock of goods and furniture of a tailor's shop, and gave his note therefor, with Caleb Clapp and A. G. Clapp as sureties, to whom he mortgaged the goods as security ; and that the goods in Smith's shop on the day of the sale to the defendant consisted in part of the original stock so mortgaged and in part of goods purchased since. It was admitted that on the 20th of January 1857 Smith was insolvent and knew himself to be so, and that proceedings in insolvency were commenced against him a month afterwards.

There was conflicting evidence upon the question whether the defendant bought the goods of Smith directly, or of Caleb Clapp, and also whether Clapp and the defendant knew at the time of the sale that Smith was insolvent and contemplated insolvency, and that the sale was made to prevent the assignment and distribution of his property under the insolvent laws.

The defendant contended that he purchased the goods in good faith of Caleb Clapp, and had no negotiation with Smith therefor. And Clapp testified that on the 19th of January he took possession of the goods which were mortgaged and of all

the goods in the shop, and obtained leave from Smith to sell without waiting for a formal foreclosure; that on the 20th he sold to the defendant, designing to sell no other than mortgaged goods to him, and that Smith knew nothing of the sale until it was concluded; and that the price of the goods was to be indorsed on the note signed by the Clapps as sureties.

*Bishop,* J. instructed the jury " that if the purchase was made by the defendant of Smith, and the defendant knew of Smith's insolvency, and bought the goods to secure to himself a preference over the other creditors, and prevent their assignment and distribution under the insolvent laws, the plaintiff was entitled to recover; that if the purchase was made by Clapp with the same knowledge, and for the same purpose, and with the same intent, the sale to Clapp was void; and if, with full notice thereof, the defendant purchased of Clapp, he stood on Clapp's title, and became a purchaser with notice of the fraud, and could not hold the property as against the assignee, notwithstanding the mortgage."

The judge requested the jury to find whether the purchase was made directly by the defendant of Smith. The jury found for the plaintiff, and stated that they found the goods were purchased of Smith, and did not take into consideration the mortgage. The defendant alleged exceptions.

*E. W. Bond,* for the defendant.

*N. A. Leonard, pro se.*

MERRICK, J. It is one of the express provisions in the statute regulating proceedings in cases of insolvency, that if any person who is insolvent shall, within six months before a petition for the benefit of the act is duly preferred by or against him to the proper tribunal, sell any of his property to any one who has reasonable cause to believe him to be insolvent and that the sale is made with a view to prevent whatever is so sold from coming to his assignees or from being distributed according to the provisions of law, the sale shall be void, and the property or its value may be recovered of the vendor by the subsequently appointed assignees of the vendor. *St.* 1856, *c.* 284, § 27. And the defendant now, in his argument upon the questions of law

presented in the bill of exceptions, insists that the instructions given to the jury upon this subject were manifestly erroneous and defective, because the presiding judge omitted to inform them that, to invalidate the sale which was made to the defendant, it should be shown that it was made with a view on the part of Smith, the insolvent debtor, to prevent the property sold from coming to the assignees or from being distributed among his creditors according to the direction and provisions of the law.

This objection, framed as it is in the very language of the statute, is plausible upon its face, and seems at first view to be accurate and just.  But to judge of the correctness or propriety of the instructions which are given in the course of a trial, it is indispensable to consider the state and aspect of the case when they were called for, and the facts, circumstances and proofs to which they were to be applied.

Now it is very apparent, from the statements contained in the bill of exceptions, that the real, and indeed only, matters which were in controversy between the parties at the trial, so far as the defendant was concerned, were in relation to the questions whether he knew of the insolvency of Smith, or acted in good faith in purchasing the property either of him or of Clapp, to whom it was contended it had previously been sold.  No one denied that Smith was, and knew that he was, insolvent when he sold the property.  Those facts were distinctly conceded; and no doubt appears to have been entertained as to what was his motive and purpose in making the sale.  That he sold with a view to give to Strong, to whom he was indebted, a preference over his other creditors, and to prevent the property sold from coming to his assignees and being distributed among all his creditors in proportion to the several amounts of their respective claims, in conformity to the laws regulating the disposal of insolvent estates, seems to have been considered and acted upon as a certain and indisputable fact.

In this aspect of the case, and in reference to all the evidence which the parties had produced, and particularly to that upon which the defendant relied to show that he made no purchase of Smith, but acquired his title to the property in dispute directly

from Clapp, it became the duty of the court to advise the jury what would be the effect, under the circumstances stated, first, of a sale to the defendant by Smith; and, secondly, of a sale by Clapp after a conveyance of the property to him. And if, because it was either expressly conceded, or resulted by necessary implication from the other concessions of the parties and the course of proceedings on the trial, it was taken for granted by them and by the court that Smith disposed of the property with a view to accomplish an illegal preference and to defeat the operation of the several provisions of the statute relative to the estates of insolvent debtors, and that the defendant, if he had knowledge of his insolvency, was equally cognizant of his unlawful design and purpose in making the sale, then the instructions were called for and were to be applied exclusively to the questions whether he purchased directly of Smith, or knew of his insolvency and took the conveyance with an intent to obtain an unlawful advantage over other creditors, and to prevent them from sharing in the property or its proceeds according to their right under the provisions of law. As bearing upon these last mentioned questions, there has been no intimation that the instructions were not perfectly satisfactory and correct. To this extent they were obviously limited. For there is no suggestion to be found among all the statements in the bill of exceptions, that the court was requested to advise or remind the jury that the sale from Smith could not be declared invalid, even if the defendant knew of his insolvency and purchased the property in question to interfere with and defeat the operation of the insolvent laws, unless he had also reasonable cause of belief that the vendor made it with the like view and purpose. It is enough that proper and correct instructions were given upon all the questions to which the attention of the court was called. This was all that could be required; and no just cause of complaint was afforded that rules were not prescribed in relation to matters beyond the point where the parties had ceased to disagree.

The jury having found, upon all the evidence submitted to them, that the defendant made his purchase of the property

directly of Smith, it becomes unnecessary to determine whether the instructions which were given upon the supposition that the sale was made by the latter to Clapp were just and right. They had no bearing upon the questions upon which the verdict was rendered.                    *Exceptions overruled.*